EZELL, Judge,
concurring in part and dissenting in part.
hi agree with the majority’s disposition of all but one of the issues in this matter, the payment of medical expenses pursuant to La.R.S. 23:1081(13). The WCJ ordered Mr. Schouest to reimburse Acadian Construction Services $22,808.72 in medical expenses. The WCJ found that Acadian Construction Services’ responsibility for medical care ceased after Mr. Schouest was discharged from the hospital. This finding was subject to the manifest error standard of review. There is evidence in the record which supports the WCJ’s finding that Mr.' Schouest was stabilized when he was discharged.
Louisiana Revised Statutes 23:1081(13) does not require that the employer fully repair or cure the employee’s condition. All that is required is that the employee’s condition is stabilized to the point he can be discharged. TabeR’s. Cyclopedic Medical DictionaRy 1820 (18th ed. 1997) defines a patient in stable condition when “the patient’s disease process has not changéd precipitously or significantly.”
Mr. Schouest was discharged from the hospital the same day of the accident. Following the suturing and splinting of his thumb, the hospital records indicate that he was stable with no complications. His condition at departure was listed- as | ¿‘improved and stable.” Mr. Schouest agreed. that he was in stable condition when ,he was discharged. , While Mr. Schouest required surgery to his right, hand to repair it, this surgery was not necessary to stabilize his condition. Furthermore, as noted by . the majority, Mr. Schouest is left-hand dominant. For these reasons, I find no error in the trial court’s determination that Mr. Schouest is required to reimburse Acadian Construction Services the medical expenses it paid on his behalf following his discharge from Lady of the Sea General Hospital.